911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman TAPP, Plaintiff-Appellant,
v.
Glen HEDESPETH, Gary Davenport, Robert Massey, Lola Simms,
Theresa Brown, Steve Smith, Thomas Mugavin, Rob Brock, Carol
Shirley, Paula Holden, Kathi Peterson, Betty Lou Vaughn,
Phil Jared, John C. Runda, Ruth Ryan, John Doe 1-6, John T.
Wigginton, Dennis A. Fritz, Barbara W. Jones, Louisville
Police Department, Richard Dotson, Chief of Police, Clerks
Jefferson District Court, Defendants-Appellees.
 No. 89-6423.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JARVIS, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Herman Tapp, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983 and 1985(3).
 
 
 4
 Tapp filed his complaint and amended complaint seeking damages, injunctive and declaratory relief. He sued various Kentucky corrections officials and a state court judge alleging that certain inaccurate information is contained in his presentence investigation report and that defendants have refused to correct the record. He alleged: (1) that his parole is potentially threatened by the erroneous information; and (2) despite notifying defendants of the erroneous information they refused to change his classification from "medium security" to "minimum security."
 
 
 5
 Tapp also sued the Louisville police department, the chief of police and the clerks of the Jefferson County (Kentucky) district court. He alleged that they refused to reclassify some of his prior criminal charges from "filed away" or "filed away with leave" to "dismissed," and to segregate the records of those charges from his actual conviction records as required by Ky.Rev.Stat.Ann. Sec. 17.142 (Baldwin 1988). Tapp claims that this produced a more extensive past criminal record in his presentence investigation report, which may have impacted on his security classification and may have possible parole repercussions.
 
 
 6
 Upon de novo review of the magistrate's report in light of Tapp's objections, the district court adopted the magistrate's recommendation and dismissed the case, finding that Tapp had failed to state a claim under either 42 U.S.C. Sec. 1983 or Sec. 1985(3).
 
 
 7
 In addition, Tapp asserted new claims for relief in his objections to the magistrate's report and recommendation. Tapp asserted that he was dismissed from his position as a "legal aide" and transferred to another institution based upon a bogus charge of "phone misconduct" which was brought against him in retaliation for his assistance to other prisoners in suing prison officials. The district court refused to consider Tapp's new claims finding that they were properly the subject of a separate action.
 
 
 8
 Tapp has filed a timely appeal challenging the district court's action. He also requests in his brief on appeal the appointment of counsel and in forma pauperis status.
 
 
 9
 Upon review, we hereby grant Tapp's request for in forma pauperis status, deny his request for counsel, and affirm the district court's judgment for the reasons stated in the magistrate's report and recommendation filed April 13, 1989, as adopted by the district court's order of October 16, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, U.S. District Judge for the Eastern District of Tennessee, sitting by designation